**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The American Automobile Association, Inc., ) | No. 11-CV-2464-PHX-PGR |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Triple A Auto Glass, LLC, et al. ) | |
| Defendant. ) | |

Before the Court is Plaintiff's Motion for Default Judgment. (Doc. 19.)

Plaintiff, The American Automobile Association ("AAA"), commenced this action on December 13, 2011, filing a complaint alleging trademark infringement, false designation of origin, unfair competition, trademark dilution, and cyberpiracy, in violation of Sections 32 and 43(a) of the Federal Trademark Act ("Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), (c), and (d), common law, and Arizona law. (Doc. 1.) The action concerns the unauthorized use by Defendants Triple A Auto Glass, LLC, and John Price of AAA's trademarks (the "AAA Marks" or "Marks") in connection with the business Triple A Auto Glass and the registration and use of the domain name TRIPLEAUTOGLASS.COM to host a website in connection with that business. (*Id.*)

In September 2011, AAA learned that Defendants had registered the business Triple A Auto Glass and were operating an automobile glass repair service under that name. (*Id.* at ¶ 37.) On September 14, 2011, AAA sent a letter to Defendants requesting that they cease all unauthorized use of the AAA Marks in the business name Triple A Auto Glass and that

1  they transfer the TRIPLEAAUTOGLASS.COM domain name to Plaintiff. Defendants failed
2  to respond to the letter. (*Id.* at ¶¶ 38–39.) AAA sent a second cease and desist letter on
3  October 18. Defendant Triple A Auto Glass responded that same day by claiming that it had
4  no knowledge that it was using the AAA Marks in advertising. AAA sent Defendants a reply
5  email on October 21 reiterating its rights in the AAA Marks, including TRIPLE A, and
6  further requesting that Defendants cease use of the Marks, but Defendants failed to respond.
7  (*Id.* at ¶¶ 39–42.)

8  A Summons and Complaint were served on Defendant Triple A Auto Glass on
9  December 14 and 19, 2011, and on Defendant John Price on January 31, 2012. No answer
10 or other defense has been filed by any Defendant. The Clerk of the Court entered a default
11 as to Defendant Triple A Auto Glass on February 13, 2012, and as to John Price on March
12 6, 2012. (Docs. 15, 18.)

13 In the pending motion for default judgment, AAA seeks an order permanently
14 enjoining Defendants from using the AAA Marks without authorization, including in the
15 name Triple A Auto Glass. (Doc. 19.) AAA also asks the Court to enter a judgment of
16 $11,093.60 in costs and attorneys' fees against Defendants pursuant to Federal Rule of Civil
17 Procedure 54(d)(1), (2). (*Id.*)

18 **DISCUSSION**

19 Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a
20 judgment for affirmative relief is sought has failed to plead or otherwise defend as provided
21 by these rules . . . the clerk shall enter the party's default." After a default has been entered
22 and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court
23 may, on the plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

24 Granting default judgment is within the Court's sound discretion. *See Albade v.*
25 *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the Court may
26 consider such factors as the possibility of prejudice to the plaintiff, the merits of the
27 substantive claim, the sufficiency of the complaint, the sum of money at stake, the possibility
28

- 2 -

1  of a dispute concerning material facts, whether the default was due to excusable neglect, and
2  the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72
3  (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint
4  are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826
5  F.2d 915, 917–18 (9th Cir. 1987).

6  Based on the factual allegations set forth in the Complaint, AAA is entitled to
7  judgment against Defendants. Defendants have knowingly and willfully violated AAA's
8  rights in the AAA Marks by continuing to make unauthorized use of the Marks in the
9  business name Triple A Auto Glass and in the TRIPLEAAUTOGLASS.COM domain name.
10 Defendants' infringing uses have damaged, and will continue to damage, the reputation,
11 recognition, and goodwill associated with the AAA Marks.

12 The *Eitel* factors favor default judgment. AAA will be prejudiced if default is not
13 entered because absent judgment AAA will be without recourse for recovery. The Complaint
14 sufficiently sets forth a valid claim for relief. Given the sufficiency of the Complaint and
15 Defendants' default, there is no dispute concerning the material facts. Defendants were
16 properly served, so it is unlikely that their failure to answer and the resulting default resulted
17 from excusable neglect. *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL
18 65604, at *5 (D.Ariz. Jan. 3, 2008). Defendants' default makes a decision on the merits
19 "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172,
20 1177 (C.D.Cal. 2002). With respect to the amount at stake, AAA seeks injunctive relief
21 rather than monetary damages, so this factor also favors granting default judgment. *Id.* at
22 1176–77.

23 AAA also seeks attorneys' fees and costs. AAA is entitled to costs under Rule
24 54(d)(1) of the Federal Rules of Civil Procedure and 15 U.S.C. § 1117(a).

25 Attorneys' fees may be awarded in "exceptional cases." 15 U.S.C. § 1117(a). "A
26 trademark case is exceptional where the district court finds that the defendant acted
27 maliciously, fraudulently, deliberately, or willfully." *Earthquake Sound Corp. v. Bumper*
28

*Industries*, 352 F.3d 1210, 1216 (9th Cir. 2003). AAA's allegations, taken as true, show that Defendants' infringement was willful. *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (noting that "by entry of default judgment, the district court determined, as alleged in RIO's complaint, that RII's acts were committed 'knowingly, maliciously, and oppressively, and with an intent to . . . injure RIO.'"). A case may also be deemed exceptional if the defendant has refused to appear and defend. *See Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 663 (S.D.Cal. 1997).

Because Defendants' infringement is willful and they have refused to appear and defend, this case is "exceptional" and AAA is entitled to reasonable attorneys' fees. AAA has submitted declarations from counsel in support of its request for attorneys' fees. (*See* Doc. 20, Exs. 1–4.). Having considered this information, the Court finds that the fees requested by AAA are reasonable.

Under the Lanham Act, "the district court [has] the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

For the Court to grant a permanent injunction, AAA must demonstrate that it is likely to succeed on the merits, that there is a likelihood of irreparable injury if injunctive relief is not granted, that a balance of hardships favors AAA, and that an injunction will advance the public interest. *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 20 (2008). AAA satisfies these criteria. It has demonstrated a likelihood of success on the merits of its claims. If an injunction were not granted, AAA would suffer irreparable injury from the ongoing damages to its reputation and goodwill. Furthermore, the balance of hardships favors AAA because an injunction will only proscribe Defendants' infringing activities. Finally, an injunction is

in the public interest because "[t]he public has an interest in avoiding confusion between two companies' products." *Internet Specialties West, Inc. v. Millon–Di Giorgio Enters., Inc.*, 559 F.3d 985, 993 n. 5 (9th Cir. 2009).

Accordingly,

**IT IS ORDERED** granting Judgment in favor of AAA against Defendants Triple A Auto Glass, LLC, and John Price.

**IT IS FURTHER ORDERED** issuing the following injunction:

1. Each Defendant, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, are enjoined and restrained from engaging in any of the following acts:

   (1) Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designations "AAA" or "TRIPLE A," or any other name, logo, or Mark that includes the designations "AAA" or "TRIPLE A" that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by Defendants, or in any other manner; and

   (2) Using the letter "A" or any multiple combination of letters "A" in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2. Defendants are ordered to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in its possession or control which contain the infringing designations "AAA" or "TRIPLE A," or any term confusingly similar to the AAA Marks, either alone or in combination with other words or symbols, and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3. Defendants are ordered to provide notice to any and all third parties of whom or of which they have knowledge that are using the designations "AAA" or "TRIPLE A," or any term confusingly similar to the AAA Marks, either alone or in combination with other words or symbols, in connection with the marketing, promotion, advertising, or other identification of Defendants' business;

4. Defendants are ordered to cancel any assumed business names and other public filings that contain the designations "AAA" or "TRIPLE A" and to cancel or amend any licenses or registrations that contain those designations, so as to remove the designations therefrom;

5. Defendants are ordered to transfer to AAA the registration for the domain name TRIPLEAAUTOGLASS.COM; and

6. Defendants are ordered to file with the Court and to serve on AAA, within thirty (30) days after the date of entry of this Order, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this injunction.

**IT IS FURTHER ORDERED** finding that an award to Plaintiff of costs of suit and reasonable attorneys' fees is appropriate in accordance with 15 U.S.C. § 1117 and Arizona law.

**IT IS FURTHER ORDERED** awarding Plaintiff attorneys' costs and fees in the amount of $11,093.60.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

DATED this 2nd day of April, 2012.

Paul G. Rosenblatt
United States District Judge